UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DONALD WOODRUFF,
    Plaintiff,

vs.                                                                 02-1215

DONALD SNYDER, et al.,
    Defendants.

ORDER

    This cause is before the court for consideration of the plaintiff's motion to proceed in forma pauperis on appeal. [d/e 45]

    Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiffs' appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiffs' sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See* Cruz v. Hauck, 404 U.S. 59, 62 (1971); *see also* Coppedge v. United States, 369 U.S. 438, 445 (1962)

    On May 23, 2005, the court stated that it could not find any good faith basis for appeal and ordered the plaintiff to file a brief stating his grounds for appeal. The plaintiff has now complied with that order.

    The plaintiff states that he is first appealing the court's October 24, 2003 order. The court granted the plaintiff's motion to compel in part and denied the motion in part. *See* October 24, 2003 Court Order. The plaintiff states that failing to compel discovery resulted in "actual and substantial prejudice to plaintiff." (Plain. Memo, p. 2) However, the plaintiff does not state what discovery he is referencing, nor how its denial specifically impacted him.

    The plaintiff next says he is appealing the court's March 11, 2004 Order in which it granted in part and denied in part the defendants' first motion for summary judgement. *See* March 11, 2004 Court Order. The plaintiff says the court considered "legal factors and principals which were fundamentally wrong." (Plain. Memo, p. 2) Again, the plaintiff does not state any specific errors.

    Lastly, the plaintiff is appealing the court's March 16, 2005 order granting the defendants' second motion for summary judgement. *See* March 16, 2005 Court Order. Again, the plaintiff states that the court considered improper legal "factors and principals," but provides no specific examples.

The court cannot find a good faith basis for appeal.  Accordingly, the court denies plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $255 within 14 days.  *See* Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997). If the plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order.  *See* Fed.R.App.P. 24(a).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to appeal in forma pauperis is denied. [d/e 45].   Plaintiff is ordered to remit to the Clerk of the Court the $255 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.   The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.  Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.   The clerk is directed to  submit a copy of this order to the United States Court of Appeals for the Seventh Circuit

Enter this 19th day of August, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE